UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

FOREST LEE FATE                                CIVIL ACTION

VERSUS                                         NUMBER: 07-5684

BRITT, OWNER OF HOTEL, ET AL.                  SECTION: "R"(5)


                    **REPORT AND RECOMMENDATION**


     This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Forest Lee Fate, against defendants, "Britt", "Larry", and Tony DeAngelo, who are identified as the owner, hotel manager, and second-in-charge, respectively, of the St. Louis Hotel and the St. Ann Marie Antoinette Hotel in New Orleans, Louisiana. (Rec. doc. 1).

     Plaintiff is an inmate of the Wilson County Jail in Wilson, North Carolina. Plaintiff alleges that in late June or early July of 2006, while he and his wife were working at the bar and bistro restaurant jointly operated by the two hotels identified above, three unidentified men entered their room and took personal items,

cash, and wedding rings valued at $3,500.00, resulting in mental anguish and causing his wife to suffer a miscarriage. Plaintiff states that he filed a police report regarding the incident after determining that Larry had not done so and plaintiff later learned that an ex-employee of the hotel had stolen master keys to all of the rooms and was selling them on the street to the peril of all hotel guests. For those alleged acts of negligence, plaintiff seeks compensatory damages.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

It is well-settled that in order to set forth a cognizable claim under 42 U.S.C. §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or

laws of the United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908 (1981), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).

The named defendants all appear to be private citizens rather than officials who are clothed with the authority of the State or some other political entity.  Giving plaintiff's complaint the liberal reading to which <u>pro se</u> pleadings are entitled, he can "... prove no set of facts in support ... [his] §1983 claim because there is no hint of state action here." <u>Lyons v. Sheetz</u>, 834 F.2d 493, 495 (5th Cir. 1987)(citing <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 102 S.Ct. 2764 (1982)). That being the case, plaintiff's case should be dismissed as frivolous under §1915(e)(2)(B)(i).

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this __3rd__ day of _____October_____, 2007.

*[signature: Alma L. Chasez]*
_____
UNITED STATES MAGISTRATE JUDGE